UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-234(FL)

| | |
|---|---|
| TRUIST BANK f/k/a BRANCH BANK & TRUST COMPANY,<br>　　　　Plaintiff,<br><br>v.<br><br>ANITA L. JACKSON; TARVER INVESTMENTS, LLC; UNITED STATES OF AMERICA; TRUSTEE SERVICES OF CAROLINA, LLC,<br>　　　　Defendants. | ANSWER AND CROSSCLAIMS |

## ANSWER

The defendant lienholder, United States of America ("United States"), by and through the Acting United States Attorney for the Eastern District of North Carolina, on behalf of its agencies, the Internal Revenue Service ("IRS") and the Department of Justice ("DOJ"), answers the Complaint filed by Truist Bank f/k/a Branch Banking & Trust Company ("Plaintiff" or "Truist Bank") as follows:

1. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in each of the individually numbered paragraphs in Plaintiff's Complaint, except those specifically dealing with any agency of the United States, and therefore denies them.

2. As to the allegations in Paragraph 4, the United States admits that IRS and DOJ each have liens filed in Wake County, North Carolina.

3. As to the allegations in Paragraph 15 and Exhibit E, the United States admits that IRS filed a Notice of Federal Tax Lien against Anita Jackson with the

Wake County Clerk of Superior Court on October 6, 2015 at 15M004656-910. The United States further states that the Notice of Federal Tax Lien was recorded in a manner sufficient to give notice to a reasonable title searcher.

4. As to the information contained in Paragraph 16 and Exhibit F, the United States admits that a Notice of Lien for Fine or Penalty was filed by DOJ against Anita Louise Jackson with the Wake County Clerk of Superior Court on September 20, 2023 at 23M004093-910. The United States further states that the Notice of Lien for Fine or Penalty was recorded in a manner sufficient to give notice to a reasonable title searcher.

5. The United States objects to any modification of any lien held by the United States as duly recorded, except in accordance with applicable law.

6. If a judicial sale is ordered, the United States, pursuant to 28 U.S.C. § 2410, is entitled to a Notice of Sale in order that it may determine whether to exercise its statutory right of redemption during the 1-year period provided by 28 U.S.C. § 2410(c).

7. According to the allegations in the Complaint, Plaintiff appears to have a first-priority lien position on the Property (as defined in the Complaint). According to the allegations in Plaintiff's Complaint, the United States has valid second-priority and third-priority lien interests on the Property and is therefore entitled to surplus funds after the Plaintiff's debts are satisfied.

# CROSSCLAIMS

The United States, alleging the following crossclaims against Anita Jackson and Tarver Investments, LLC (the "Crossclaim Defendants"), avers:

## Jurisdiction and Venue

1. This Court has subject matter jurisdiction over these crossclaims under 28 U.S.C. § 1345 because the United States is the Crossclaim Plaintiff, under 28 U.S.C. § 1355 because proceedings for collection of restitution are equivalent to proceedings for the collection of fines, and under 26 U.S.C. §§ 7402 and 7403 for the enforcement of a federal tax lien and because the enforcement of a lien associated with federal restitution is enforceable as if it is a federal tax lien.

2. Venue is proper under 28 U.S.C. § 1395(a) because the underlying debt to the United States arose from a judgment entered by the United States District Court for the Eastern District of North Carolina in the related criminal case against Jackson, who resides within the Eastern District of North Carolina, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted in the Complaint and Crossclaims occurred, and, separately, a substantial part of the property that is the subject of this action is situated, within the Eastern District of North Carolina.

## Parties to the Crossclaims

3. Crossclaim Plaintiff is the United States of America, acting on behalf the IRS and the DOJ, which are agencies and instrumentalities of the United States.

4. Jackson is a natural person who, other than as incarcerated, is a resident of Wake County. Jackson was the defendant in a criminal case before this Court captioned *United States v. Anita Louise Jackson*, Case No. 5:21-CR-259-D (E.D.N.C.) (the "Criminal Case"). She is named as a Crossclaim Defendant because she owes a tax debt and a restitution debt to the United States and holds an ownership interest in the Property.

5. Tarver Investments, LLC is an entity created by Jackson. It is named as a Crossclaim Defendant because it may claim an interest in the Property.

## General Allegations

6. Tarver Investments, LLC is a single-member Delaware limited liability company formed on or around March 8, 2001. Tarver Investments, LLC had previously been authorized to conduct business in North Carolina, but that authorization was revoked on or around February 4, 2020. According to the Delaware Secretary of State, Tarver Investments, LLC had a status of "Cease Good Standing" as of June 1, 2024.

7. Jackson is the sole member and owner of Tarver Investments, LLC.

8. Since at least 2002, Jackson has been the sole manager of Tarver Investments, LLC.

9. On or around April 23, 2001, Tarver Investments, LLC filed an Application for Certificate of Authority for Limited Liability Company with the North Carolina Secretary of State. Jackson was listed on the application as the "Sole Member and Manager," with F. Peter Conaty, Jr. listed as Assistant Manager

4

and Earl H. Strickland listed as Registered Agent. A copy of the Application for Certificate of Authority for Limited Liability Company is annexed hereto as Exhibit A.

10. The 2002 Annual Report filed on February 17, 2006, lists Jackson as the Managing Member and Registered Agent. No other members or managers were listed. All subsequent Annual Reports and a Certificate of Authority for Limited Liability Company filed in 2012 list only Jackson as the Member, Manager and Registered Agent. A copy of the 2002 Annual Report is annexed hereto as Exhibit B.

11. On or around August 6, 2003, Tarver Investments, LLC acquired record title the Property. Upon information and belief, Jackson has since resided at the Property as her primary residence at all relevant times except to the extent she has been incarcerated. Upon information and belief, Jackson's children continue to reside at the Property.

12. On October 6, 2015, the IRS filed a Notice of Federal Tax Lien with the Wake County Clerk of Superior Court at recording number 15M004656-910, securing tax liability of Jackson in the amount of $20,722.47. A copy of the original NFTL is attached as an exhibit to the Complaint. The NFTL was refiled on April 17, 2025 in the amount of $4,066.14. A copy of the refiled Notice of Federal Tax lien is annexed hereto as Exhibit C.

13. The balance of the tax liability secured by this tax lien is $7,650.48, projected to June 1, 2025, which includes tax, penalties and accrued interest.

5

Additionally, Jackson owes $14,631.30 in tax, interest and penalty that is not included in the NFTL. A payoff letter from the IRS showing these balances is annexed hereto as Exhibit D.

14. On January 4, 2022, Jackson was named in a twenty-count superseding indictment (the "Superseding Indictment") in the Eastern District of North Carolina. Criminal Case, D.E. 29. On January 27, 2023, a jury in the Eastern District of North Carolina found Jackson guilty on all twenty counts of the Superseding Indictment. Criminal Case, D.E. 127.

15. On February 24, 2023, the United States District Court for the Eastern District of North Carolina entered a restraining order prohibiting Jackson or anyone on her behalf, at her direction, or in concert with her from taking any action against various real and personal property including the Property. Criminal Case, D.E. 145. A copy of the restraining order is annexed hereto as Exhibit E.

16. On June 16, 2023, a federal criminal judgment was entered in the United States District Court for the Eastern District of North Carolina against Jackson. Criminal Case, D.E. 211. On September 8, 2023, the court granted the United States' motion for restitution in the amount of $5,726,218.26. Criminal Case, D.E. 228, 230. On the same date, September 8, 2023, the Court entered an amended judgment imposing criminal monetary penalties of $5,728,218.26, consisting of a $2,000 special assessment and $5,726,218.26 in restitution. Criminal Case, D.E. 231. On June 6, 2024, the Court amended the judgment to correct certain clerical errors unrelated to Jackson's criminal monetary penalties.

Criminal Case, D.E. 243.

17. A Notice of Lien for Fine or Penalty ("DOJ Lien") was filed with the Wake County Clerk of Superior Court on September 20, 2023 at 23M004093-910. A copy of the filed DOJ Lien is annexed hereto as Exhibit F.

18. Jackson appealed her conviction. On January 21, 2025, the United States Court of Appeals for the Fourth Circuit affirmed. Criminal Case, D.E. 244, 245.

19. The current balance owed under the judgment in the Criminal Case as of the date of this filing is $5,726,250.26.

## First Crossclaim
### (Tarver Investments, LLC is an Alter Ego of Jackson)

20. The United States re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 19.

21. As the sole member and manager, Jackson has exercised dominion and control over Tarver Investments, LLC such that it constitutes her alter ego.

22. In managing Tarver Investments, LLC, Jackson has failed to maintain normal corporate formalities and failed to maintain adequate corporate records or minutes. Tarver Investments, LLC's authority to conduct business in the state of North Carolina was revoked on or around February 4, 2020. According to the Delaware Secretary of State, Tarver Investments, LLC had a status of "Cease Good Standing" as of June 1, 2024.

23. Jackson executed the loan documents with respect to the Property as Tarver Investments, LLC's member and manager. Jackson personally guaranteed the loan to Plaintiff's predecessor, Branch Banking & Trust Company ("BB&T").

24. Jackson has commingled her personal funds, assets, and expenses with the funds, assets, and expenses of Tarver Investments, LLC and other entities she owns and operates.

25. Jackson made the monthly mortgage payments for the Property to Plaintiff and/or Plaintiff's predecessor, BB&T, from her personal bank accounts, including her personal bank accounts at Bank of America.

26. On multiple occasions, Jackson has paid the Wake County property taxes owed on the Property from bank accounts of Greater Carolina Ear, Nose, and Throat, P.A. ("GCENT"). GCENT is a North Carolina professional corporation or association that was solely owned and operated by Jackson. As the owner and operator of GCENT, Jackson committed the Medicare fraud and other criminal conduct for which she was criminally convicted and ordered to pay criminal restitution.

27. Jackson paid other expenses for the Property such as maintenance and insurance from personal accounts or other accounts not in the name of Tarver Investments, LLC.

28. Jackson personally authorized the distributions or movements of funds from the bank or investment accounts held by Tarver Investments, LLC, including

distributions or payments for expenses unrelated to or not owed by Tarver Investments, LLC.

29. Tarver Investments, LLC is merely a facade for Jackson's personal investments.

30. Jackson exercised dominion and control over Tarver Investments, LLC, such that it constitutes her alter ego. To the extent Tarver Investments, LLC holds an ownership interest in the Property, it holds such interest as Jackson's alter ego. Tarver Investments, LLC may be held liable for Jackson's debts to the United States as Jackson's alter ego, and the United States' liens against Jackson attach to the assets of her alter ego.

## Second Crossclaim
**(Tarver Investments, LLC is a Nominee of Jackson)**

31. The United States re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 30.

32. Jackson caused her sole-member limited liability company–Tarver Investments, LLC—to be named the record owner of the Property while retaining possession, control, and all the benefits of true ownership of the Property. Accordingly, Tarver Investments, LLC holds the Property as the mere nominee of Jackson who is the true owner of the Property.

33. Other than while incarcerated, Jackson has resided at the Property as her primary residence since acquiring it in the name of Tarver Investments, LLC. Upon information and belief, Jackson's children continue to reside at the Property.

9

34. As its sole member and manager, Jackson has exercised control over Tarver Investments, LLC in all matters, including in all matters relating to the Property.

35. Jackson executed all loan documents with respect to the Property as Tarver Investments, LLC's member and manager. Jackson personally guaranteed the loan to Plaintiff or Plaintiff's predecessor, BB&T.

36. Jackson has commingled her personal funds, assets, and expenses with the funds, assets, and expenses of Tarver Investments, LLC and other entities she owns and operates.

37. Jackson made the monthly mortgage payments for the Property to Plaintiff and/or Plaintiff's predecessor, BB&T, from her personal bank accounts, including her personal bank accounts at Bank of America.

38. On multiple occasions, Jackson has paid the Wake County property taxes owed on the Property from bank accounts of GCENT. GCENT is a North Carolina professional corporation or association that was solely owned and operated by Jackson. As the owner and operator of GCENT, Jackson committed the Medicare fraud and other criminal conduct for which she was criminally convicted and ordered to pay criminal restitution.

39. Jackson paid other expenses for the Property such as maintenance and insurance from personal accounts or other accounts not in the name of Tarver Investments, LLC.

40. Jackson personally authorized the distributions or movements of funds from the bank or investment accounts held by Tarver Investments, LLC, including distributions or payments for expenses unrelated to or not owed by Tarver Investments, LLC.

41. Jackson has treated the Property as her own, and she has enjoyed all benefits of ownership without interference from Tarver Investments, LLC. She has controlled Tarver Investments, LLC in all matters relating to the Property. Tarver Investments, LLC owns or holds its interest in the Property as a mere nominee for Jackson.

**Third Crossclaim**
**(Lien Enforcement)**

42. The United States re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 41.

43. Pursuant to 26 U.S.C. § 6321, federal tax liens arose and attached to all of Jackson's property and rights to property in existence on the date of the assessments described above and acquired thereafter. The United States recorded its Notice of Federal Tax Lien as detailed above. This lien remains valid and subsisting. District courts have broad authority to issue orders necessary for the government to collect unpaid federal tax liabilities, including orders to enforce its tax liens. 26 U.S.C. §§ 7402 and 7403.

44. Upon the Court's entry of the judgment in the Criminal Case as described above, a lien in favor of the United States and securing Jackson's

11

Case 5:25-cv-00234-D-KS    Document 6    Filed 05/13/25    Page 11 of 15

restitution debt arose and attached to all property and rights to property belonging to Jackson, pursuant to 18 U.S.C. § 3613(c), as if the restitution debt were a liability for a tax assessed under the Internal Revenue Code. 18 U.S.C. § 3613(c). The United States recorded a notice of this lien as described above. The lien remains valid and subsisting.

45. Tarver Investments, LLC is a sole member limited liability company of which Jackson is the sole and managing member and 100% owner. The United States' lien attaches to, and is enforceable against, all rights and interests of Jackson in Tarver Investments, LLC. Jackson's interest in Tarver Investments, LLC is subject a restraining order by this Court.

46. Jackson's property interests also include all property held for her by an alter ego or nominee, and the United States' liens attaches to the Property or any interest in the Property of any alter ego or nominee including Tarver Investments, LLC. Jackson's interest in the Property is subject to a restraining order by this Court.

47. Accordingly, the United States is entitled to enforce its liens against the Property through the judicial foreclosure process, execution, or other sale of the Property.

48. The United States is entitled to collect Jackson's tax and restitution debts, plus any surcharge authorized by the law, from the proceeds, after payment of valid and reasonable costs and valid superior encumbrances of record, resulting from the enforcement of its liens.

WHEREFORE, the Defendant / Crossclaim Plaintiff, United States of America requests as follows:

1. That the Court find and declare that Tarver Investments, LLC is an alter ego and/or nominee for Anita L. Jackson and that United States' liens may be enforced against the Property through the judicial foreclosure process, execution, or other sale of the Property.

2. That the Court find and declare that the IRS and DOJ have valid lien interests against the Property and are entitled to payment from any sale of the Property after payment of any valid senior encumbrances.

3. That, to the extent the Court finds that Plaintiff has a valid first-priority lien against the Property, the Court find and declare that the IRS has a valid second-priority lien interest and the DOJ has a valid third-priority lien interest against the Property and is entitled to surplus funds after Plaintiff's lien has been satisfied.

4. That the Court order payment to the United States of any surplus funds in which the United States has a priority lien interest over any remaining competing lienholders, up to the balance of the outstanding debt owed to the United States, with said payment being made by certified funds to the United States.

5. That any judgment entered in this action include language regarding the one year right of redemption accorded the United States by the provisions of Title 28, United States Code, Section 2410(c), such as:

**THE UNITED STATES OF AMERICA AS A LIENHOLDER SHALL HAVE THE RIGHT TO EXERCISE ITS RIGHT OF REDEMPTION PURSUANT TO TITLE 28, UNITED STATES CODE, STATUTE 2410(c), WITHIN ONE YEAR FROM THAT DATE OF SALE.**

6. That any judgment entered in this action include language allowing the United States to bid by voucher at the foreclosure sale and be allowed thirty days in which to deliver a treasury check should it be the successful bidder at the judicial sale, such as:

**THE UNITED STATES OF AMERICA SHALL BE PERMITTED TO BID BY VOUCHER AT THE FORECLOSURE SALE AND ALLOWED THIRTY (30) DAYS IN WHICH TO DELIVER A TREASURY CHECK IN PAYMENT OF THE AMOUNT DETERMINED BY THE COURT TO BE DUE AND OWING PLAINTIFF IF UNITED STATES OF AMERICA IS THE SUCCESSFUL BIDDER AT PLAINTIFF'S FORECLOSURE SALE.**

7. For such other and further relief as the Court deems just and proper.

Respectfully submitted, this 13th day of May, 2025.

DANIEL P. BUBAR
Acting United States Attorney

/s/ Benjamin J. Higgins
BENJAMIN J. HIGGINS
Assistant United States Attorney
Civil Division
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina 27601
Telephone: (919) 856-4043
Email: benjamin.higgins2@usdoj.gov
Massachusetts Bar # 690969

*Counsel for the United States*

CERTIFICATE OF SERVICE

      I do hereby certify that I have on this 13th day of May, 2025, served a copy of the foregoing Answer upon the below-listed parties by placing a copy of the same in the U.S. Mail, addressed as follows:

Thomas E. McDonald
Brock & Scott, PLLC
5431 Oleander Drive
Wilmington NC 28403
*Attorney for Truist Bank*

Anita L. Jackson
Reg. No. 51893-509
FPC Alderson
Glen Ray Road, Box A
Alderson WV 24910

Tarver Investments, LLC
Anita L. Jackson, Registered Agent
4315 Ludgate Drive
Lumberton NC 28358
(*cc: Anita Jackson at above address*)

Trustee Services of Carolina, LLC
Aaron B. Anderson, Registered Agent
5710 Oleander Drive, Suite 204
Wilmington NC 28403

                                  /s/ Benjamin J. Higgins
                                  BENJAMIN J. HIGGINS
                                  Assistant United States Attorney
                                  Civil Division
                                  150 Fayetteville Street, Suite 2100
                                  Raleigh, North Carolina 27601
                                  Telephone: (919) 856-4043
                                  Email: benjamin.higgins2@usdoj.gov
                                  Massachusetts Bar # 690969

                                  *Counsel for the United States*